United States Courts
Southern District of Texas
FILED
April 12, 2024
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
April 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARTIN JACKSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-97 |
| | § | |
| HIDALGO COUNTY DETENTION CENTER, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Martin Jackson, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff alleges—primarily—that he was subjected to inhumane conditions while at the Hidalgo County Detention Center. (*Id.* at 5-7.) Pending is Plaintiff's "Application to Proceed Without Prepayment of Fees." (Docket No. 2.) Plaintiff seeks in forma pauperis (IFP) status in order to proceed with his lawsuit without paying the required $402 filing fee. As discussed below, because Plaintiff has failed to show that he is unable to pay the filing fee, the undersigned recommends that his IFP application be denied.[1]

## I. DISCUSSION

As noted, Plaintiff filed this civil rights action asserting that he has been subjected to inhumane conditions at the Hidalgo County Detention Center. Specifically, he alleges that he and other inmates are "malnourished" due to the inadequate meals that they have access to at the facility. (Docket No. 1, at 6.) Plaintiff states that the meals lack fiber, contain less than 1,800

---

[1] Plaintiff Jackson, along with Robert Angel Maldonado, filed this action as co-plaintiffs. However, Plaintiff Maldonado has neither paid the filing fee, nor has he moved to proceed in forma pauperis. As such, this report and recommendation only pertains to Plaintiff Jackson.

calories, and he complains that the inmates are not provided with a "monthly serving menu." (*Id.*) In addition, he alleges that he does not have adequate access to the law library or proper cleaning supplies. (*Id.* at 6-7.) As relief, Plaintiff is asking for monetary damages in the amount of $10,000 due to "having to over purchase commissary" items to make up for the inadequate and inhumane conditions. (*Id.* at 9.) In addition, in lieu of paying the filing fee, Plaintiff has filed an "Application to Proceed Without Prepayment of Fees." (Docket No. 2.)

While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, like Plaintiff's case, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly.").

Considering Plaintiff's financial affidavit in light of this standard, he has failed to show that he is unable to pay the filing fee. Here, Plaintiff has filed an "Application to Proceed Without Prepayment of Fees." (Docket No. 2.) In his application, he asserts that he has been unemployed since 2018 and that he has no cash or assets of any kind. (*Id.* at 1-2.) He further acknowledges that he receives financial support from family members, in small amounts of "sometimes $25.00 [and] sometimes $30.00." (*Id.*)

2

However, Plaintiff was informed that his initial IFP application was deficient because he "neglected to include a certified copy of his inmate trust fund account statement" for the six-month period preceding the filing of this action. (Docket No. 6, at 1 (citing 28 U.S.C. § 1915(a)(2)).) Plaintiff was ordered to either pay the filing fee or file an amended application to proceed in forma pauperis. (*Id.* at 2.) Plaintiff was ordered to do so "within **thirty (30) days**." (*Id.* (emphasis in original).) The Order was returned as undeliverable. (*See* Docket Nos. 7-10.)

Several weeks later Plaintiff filed a letter-motion requesting an extension of time to respond to the Court's order, which was granted. (Docket Nos. 11, 14.) In addition, he filed several documents which appear to be copies of his inmate trust fund account transactions. (Docket Nos. 12, 13.) However, contrary to his assertion in his financial affidavit that he is only receiving small deposits from family members, his account statements show multiple large deposits as high as $200. (Docket No. 12, at 2; Docket No. 13, at 1-3.)

As such, after considering Plaintiff's IFP application in light of the standard, it is clear that Plaintiff has failed to show that he is unable to pay the filing fee. Furthermore, the Court has been "appropriately lenient" with Plaintiff in giving him considerable time to correct his deficiencies, which he has failed to do.[2] *Hulsey*, 929 F.2d at 171 ("right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law").

## II. CONCLUSION

---

[2] In addition, Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Here, the District Court might be justified in dismissing Plaintiff's action with prejudice in light of his repeated failure to show that he is entitled to proceed in forma pauperis. However, in the interest of justice, it is recommended that Plaintiff's IFP application be denied without prejudice and that he be given an additional thirty (30) days with which to pay the $402 filing fee.

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2) be DENIED. It is further recommended that Plaintiff be given an additional thirty (30) days to pay the required $402 filing fee.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff Jackson, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on April 12, 2024.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE