United States District Court
Southern District of Texas
**ENTERED**
July 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARTIN JACKSON and ROBERT ANGEL MALDONADO, § § § | |
| Plaintiffs, *et al.*, § § | |
| VS. § | CIVIL ACTION NO. 7:22-CV-97 |
| § | |
| HIDALGO COUNTY DETENTION CENTER, § § § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiffs Martin Jackson and Robert Angel Maldonado initiated this civil action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] (Docket No. 1.) When Plaintiffs initiated this action, they were state prisoners and proceeding pro se. Plaintiffs allege—primarily—that they were subjected to inhumane conditions at the Hidalgo County Detention Center. However, Plaintiff Maldonado failed to pay the filing fee, nor did he file an application to proceed in forma pauperis. In addition, other than filing his initial pleading, Plaintiff Maldonado has failed to respond to court orders, and he failed to take any other action to pursue this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to respond to the Court or take affirmative action in his case. Accordingly, the undersigned recommends that Plaintiff Maldonado be dismissed from this action.

### I. BACKGROUND

---

[1] Plaintiffs Martin Jackson and Robert Angel Maldonado filed this action as co-plaintiffs. However, this report and recommendation only pertains to Plaintiff Maldonado.

In March 2022, Plaintiffs filed this civil rights action asserting that they were subjected to inhumane conditions at the Hidalgo County Detention Center. Specifically, Plaintiff Maldonado alleges that he and other inmates are "malnourished" due to the inadequate meals that they have access to at the facility. (Docket No. 1, at 6.) Plaintiff states that the meals lack fiber, contain less than 1,800 calories, and he complains that the inmates are not provided with a "monthly serving menu." (*Id.*) In addition, he alleges that he does not have adequate access to the law library or proper cleaning supplies. (*Id.* at 6-7.) As relief, Plaintiff is asking for monetary damages in the amount of $10,000 due to "having to over purchase commissary" items to make up for the inadequate and inhumane conditions. (*Id.* at 9.)

In lieu of paying the filing fee, Plaintiff Jackson filed an "Application to Proceed Without Prepayment of Fees." (Docket No. 2.) However, Maldonado has neither paid the $402.00 filing fee nor filed an application to proceed in forma pauperis. As such, the undersigned alerted him to his deficiency, and ordered him to either pay the filing fee or to submit a properly supported application to proceed in forma pauperis. (Docket No. 6, at 2.) He was ordered to comply within thirty (30) days. (*Id.*) Plaintiff Maldonado was further "warned that failure to comply with this order may result in the dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice." (*Id.* at 3 (emphasis in original).) Plaintiff Maldonado did not respond to the Court's order. Furthermore, aside from filing his initial pleadings in this action over two years ago, Plaintiff Maldonado has taken no affirmative steps to move this case forward.

## II. ANALYSIS

Plaintiff Maldonado's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made

upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff Maldonado has failed to comply with the relevant rules and to prosecute this action. To begin with, other than filing his initial complaint, Plaintiff failed to pay the filing, nor did he request to proceed in formal pauperis. Furthermore, Plaintiff has failed to respond to a Court order directing him to take minimal action to correct his deficiencies.

Put simply, Plaintiff Maldonado should be dismissed from this action for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). Plaintiff has failed to communicate with the Court in any meaningful way since he initiated this action (over two years ago), suggesting that he no longer wishes to pursue this action.

It appears that no lesser sanction is available since Plaintiff failed to respond to the Court's order, and he has taken no further action in this case in over two years.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff Maldonado be DISMISSED from this action for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiffs, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 15th of July, 2024 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge

---

[2] Should Plaintiff Maldonado respond to the Court's previous order (Docket No. 6) by correcting his deficiencies, the Court may then wish to consider whether less drastic sanctions may be appropriate.

4