Case 7:22-cv-00097   Document 34   Filed on 09/04/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARTIN JACKSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-97 |
| | § | |
| HIDALGO COUNTY DETENTION CENTER, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiffs Martin Jackson and Robert Angel Maldonado, both proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] (Docket No. 1.) In their complaint, Plaintiffs allege—among other things—that they are being subjected to inhumane conditions at the Hidalgo County Detention Center. (*Id.* at 5-7 ("right to humane facility and condition").) Notably, neither Plaintiff has paid the filing fee in this action, nor has either Plaintiff been granted in forma pauperis (IFP) status to proceed. Plaintiff Jackson did file an application to proceed in forma pauperis; however, it has been denied. (*See* Docket Nos. 15, 17, 22, 30.) Since Plaintiff Jackson's IFP application was denied, he has failed to pay the filing fee, failed to correct his deficiencies, and otherwise failed to prosecute this action. Accordingly, the undersigned recommends that this action be dismissed.

---

[1] In fact, other than signing the complaint, Plaintiff Maldonado has taken no further action in this case. In any event, Plaintiff Maldonado was previously dismissed from this lawsuit based on his failure to prosecute. (*See* Docket Nos. 29, 32.) As such, this report pertains only to Plaintiff Jackson.

## I.  BACKGROUND

As noted, Plaintiffs filed this civil rights action asserting that the conditions at the Hidalgo County Detention Center are inhumane.  Specifically, they allege that their meals are inadequate because they lack sufficient calories and fiber, and also complain that they do not have access to a menu in advance. (Docket No. 1, at 6.)  Furthermore, Plaintiffs allege that they are denied proper access to the law library and that they lack necessary cleaning products. (*Id.* at 6-7.)  They seek monetary damages in the amount of $10,000 each. (*Id.* at 9.)

Plaintiff Jackson has attempted to proceed with this action with IFP status. (*See* Docket Nos. 2, 12, 13, 21.)  However, due to his deficiencies, the District Court denied Plaintiff Jackson IFP status and ordered him to pay the filing fee. (*See* Docket Nos. 15, 17, 22, 30.)  Plaintiff failed to do so.  Notably, Plaintiff's IFP filings show that he regularly receives ample deposits from which he could use to pay the filing fee in this—and other—actions. (*See* Docket Nos. 12, 13, 21.)  In addition, many of the Court's orders have been returned as undeliverable. (*See* Docket Nos. 7-10, 16, 18, 31.)  To date, Plaintiff Jackson has failed to correct his deficiencies[2], failed to pay the filing fee, and he has otherwise failed to prosecute this action.

## II.  ANALYSIS

This action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding

---

[2] Plaintiff's letter dated 8/23/2024 fails to address these deficiencies as well. (*See* Docket No. 33).

pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff Jackson has failed to comply with the relevant rules and to prosecute this action. To begin with, Plaintiff has failed to pay the filing fee, and he has been denied leave to proceed in forma pauperis. Specifically, Plaintiff Jackson's application to proceed IFP was deficient, and he has failed to correct his deficiencies. To make matters worse, Plaintiff Jackson failed to respond to a Court order directing him to pay the required filing fee to proceed with this action.

Furthermore, to qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly."). Here, Plaintiff Jackson failed to provide enough information to the Court to show that he is financially "unable to pay [the filing] fees." *See* 28 U.S.C. § 1915(a). In fact, Plaintiff Jackson's IFP filings are misleading—at best—if not wholly fabricated.

Put simply, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two

3

years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders).  It appears that no lesser sanction is available based on Plaintiff Jackson repeated deficiencies in this action.[3]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this civil action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiffs, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 4th of September, 2024, at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge

---

[3] Should Plaintiff Jackson respond to the Court's previous order (Docket No. 30) by correcting his deficiencies or paying the filing fee, the Court may then wish to consider whether less drastic sanctions may be appropriate.